**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**LINDUS L. PYRON**                                                                 **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.  2:05cv2041-KS-JMR**

**SARA LEE BAKERY GROUP, INC.;
SARA LEE CORPORATION;
DAVID CATLETT; and
JOHN DOES I - V**                                                                **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the defendants' Motion to Dismiss.  The Court,
having reviewed the motion, the response, the briefs of counsel, the authorities cited,
the pleadings and exhibits on file and being otherwise fully advised in the premises
finds that the motion should be granted in part and denied in part.  The Court
specifically finds as follows,


**FACTUAL BACKGROUND AND CLAIMS**

Plaintiff Lindus L. Pyron ("Pyron") was employed by defendant Sara Lee
Corporation("Sara Lee") in the Sara Lee Bakery Group ("Bakery Group") and was a
participant in the Sara Lee Corporation Severance Pay Plan (the "Plan").  Pyron's
employment with Sara Lee ended on or about July 1, 2004, due to corporate
restructuring.  Consequently, Pyron sought to receive severance benefits under the
Plan.  Pyron claims that the defendants have wrongfully denied him severance benefits
under the Plan.

In his Complaint originally filed in state court, Pyron alleges breach of contract and tortuous interference of contract claims under Mississippi state law. The defendants contend that Pyron's state law claims relate to and are entirely dependent upon his participation in the Plan, which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Further, the defendants argue that under established Supreme Court and Fifth Circuit precedent, if a state law claim seeks to recover benefits from an ERISA-governed plan, then the claim is preempted and should be recast as a claim for wrongful denial of benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

The defendants have moved to dismiss all state law claims with prejudice as preempted and a recasting of his claim for benefits as an ERISA claim which they have moved to dismiss based on the alleged failure of Pyron to exhaust his administrative remedies. In support of the motion to dismiss the defendants point out that the law in the Fifth Circuit requires that plaintiffs in ERISA cases exhaust all available administrative remedies before filing suit in Federal court and that the written Plan document specifically requires that all claims challenging the amount of severance benefits available under the Plan be submitted to the Plan's Administrator before resorting to litigation in court.

The defendants also argue that Pyron's claims fail against defendants Bakery Group and Catlett because they are not proper party defendants under ERISA, as these parties have not been alleged to have had any role in or any control over the Plan's administration. Thus the defendants contend that Pyron's Complaint should be dismissed in its entirety and, pursuant to Fifth Circuit precedent, Pyron should be

2

required to submit his ERISA-based claims to Sara Lee before resorting to litigation in this Court.

The plaintiff was employed by Sara Lee's Bakery Group.  As stated previously, on or about July 1, 2004, Pyron's employment with Sara Lee terminated as part of a corporate restructuring.  As a result of the termination, Pyron sought severance benefits under the Plan.  Pyron claims that his original hire date used for purposes of calculating his severance benefits under the Plan should be his original hire date with Campbell Taggert Bakery on February 25, 1979 and not February 10, 1997—the date he was hired by Cooper Smith Bakery, which was ultimately acquired by Earthgrains Company in 1997 and ultimately by Sara Lee.  The plaintiff claims he relied upon the documents provided to him each year by defendant, regarding his Sara Lee retirement benefits, and the oral representations made to him by Sara Lee employees, David Catlett, Tom Daudlin and others, that his original hire date for benefit purposes was February 25, 1979.  Ultimately, Pyron claims that he is eligible and qualified to receive severance benefits under the Plan in the amount of $54,216.00.

On or about June 25, 2004, Pyron received a description of the benefits available to him under the Plan.  On July 12, 2004, Pyron returned his severance package, requesting that his benefits be recalculated.  He followed this letter up with another letter to Catlett and Sara Lee Bakery Group, Inc., on July 29, 2004.

Pyron, not having received any response from the defendants, then sought counsel in August, 2004.  On August 26, 2004, a certified letter was sent from Pyron's attorneys to David Catlett and Sara Lee Bakery Group, Inc., again requesting a response to Pyron's previous two letters and a reconsideration and recalculation of his

3

severance pay benefits.  On September 1, 2004, Tracy L. Clover, Compensation and

Benefits Analyst, Sara Lee Bakery Group, Inc., sent a letter directly to the plaintiff

explaining, that his severance benefits arise under the Plan and advising the plaintiff

that his February 10, 1997, hire date was the only one that would be considered by

Sara Lee and that this decision was final.

Shortly after receiving the response from Ms. Clover, counsel addressed a letter

directly to Ms. Clover and enclosed therewith, copies of the previous correspondence

as well as the Sara Lee Plan documents relied upon by the plaintiff.  No response to

this letter was received and eight months later, on June 24, 2005, the present complaint

was filed on behalf of Pyron.

## STANDARD OF REVIEW

In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings,

specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether

the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER,

FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).  As the Fifth

Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded

facts as true and view them in the light most favorable to the Plaintiff.  We cannot

uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set

of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos

County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations

omitted).  See also*, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).  Usually, if

any matters outside the complaint are considered, the motion is converted to one for

summary judgment.  See *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered

part of the pleadings if they are referred to in the plaintiff's complaint and are central to

her claim."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.

2000)(citing with approval, *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d

429, 431 (7th Cir.1993)).  Therefore, the court may also review the Plan, which was

attached to the defendants' Motion to Dismiss and is central to the plaintiff's claim.


## ERISA PREEMPTION

The Act provides, "[T]his chapter shall supersede any and all State laws insofar

as they may now or hereafter relate to any employee benefit plan. . . ."  29 U.S.C. §

1144(a).  The Supreme Court has held that this language is "deliberately expansive,"

and is designed to make regulation of employee benefit plans an exclusively federal

concern.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1552, 95 L.Ed.2d

39 (1987).

"[T]he Supreme Court has announced that the term 'relate to' in the preemption

provision should be given its broadest common sense meaning:  a 'law "relates to" an

employee benefit plan, in the normal sense of the phrase, if it has a connection with or

reference to such a plan.'" *Hansen v. Continental Life Ins. Co*, 940 F.2d at 979,

(quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95, 103 S. Ct. 2890, 77 L. Ed. 2d

490 (1983)).  The cases hold the preemption provision was intended to displace all

5

state laws that fall within its sphere, even including state laws that are consistent with

ERISA's substantive requirements.  See *Shaw v. Delta Air Lines, Inc., supra*.

All of the plaintiff's state law claims are completely preempted by ERISA and his

argument to the contrary that his breach of implied duty of good faith and fair dealing,

detrimental reliance, intentional and negligent interference with contract and his claim

for outrage under Mississippi law are "arguably conflict preempted claims" which the

Court could exercise supplemental jurisdiction over is without merit.


## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The defendants are correct that while ERISA does not contain an explicit

exhaustion requirement, the Fifth Circuit has firmly established that plaintiffs in ERISA

actions must exhaust available administrative remedies before suing in Federal court.

*Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256 (5th Cir. 2005); *McGowin v. Manpower*

*Int'l, Inc.*, 363 F.3d 556, 569 (5th Cir. 2004); *Bourgeois v. Pension Plan for Employees of*

*Santa Fe Int'l Corp.*, 215 F.3d 475, 479 (5th Cir. 2000).  The policy reasons supporting

the exhaustion requirement include: (1) minimizing the number of frivolous ERISA suits;

(2) promoting the consistent treatment of benefit claims; (3) providing a nonadversarial

dispute resolution process; (4) decreasing the time and cost of claims settlement; (5)

providing a clear record of administrative action if litigation should ensue; and (6)

assuring that judicial review is not made under a *de novo* standard.  *See Hall v.*

*National Gypsum Co.*, 105 F.3d 225, 231 (5thCir. 1997).

The defendants contend that the plaintiff has wholly failed to comply with the

dictates of the Plan for making a claim for benefits.  However, both parties contend that the plaintiff returned the "severance package" sent to him by Sara Lee along with a letter requesting a recalculation of benefits with his contended for hire date.  Those documents are not a part of the pleadings before the court.

Section 7.14 of the Plan sets forth the Plan's claims procedures,

Specifically, under Section 7.14:

> if a participant wishes to file a claim for benefits, such claim must be in writing and filed with the company [defined as Sara Lee] within 90 days after the date such participant should have received such benefits.  If a claim is denied, the company will furnish the claimant with written notice of its decision, setting forth the specific reasons for the denial, references to the plan provisions on which the denial is based, additional information necessary to perfect the claim, if any, and a description of the procedure for review of the denial.  A claimant may request a review of the denial of a claim for benefits by filing a written application with the company within 60 days after he receives notice of the denial.  Such a claimant is entitled to review pertinent plan documents and submit written issues and comments to the company.  The company, within a reasonable time after it receives a request for review, will furnish the claimant with written notice of its decision, setting forth the specific reasons for the decision and references to the pertinent plan provisions on which the decision is based. If the claimant subsequently wishes to file a claim against the plan, any legal action must be filed within 90 days after the company's final decision.

The plaintiff contends that he has substantially complied with the requirements of the Plan for making a claim for benefits and appealing the adverse decision by returning the severance package and writing the various letters requesting a recalculation of benefits.

Based on a review of the documents before the court, it can not be determined if the plaintiff has properly filed an initial claim for benefits.  Assuming he has, it is clear

that he has not followed the prescriptions of he Plan in appealing the adverse ruling.

The Fifth Circuit has adopted only two exceptions to the exhaustion requirement—(1) that exhausting the Plan's remedies would be futile or (2) that the Plan's administrative remedies did not exist when Pyron attempted to exhaust them. See *Bourgeois v. Employees of Santa Fe Intern. Corp.*, *supra*.  The plaintiff contends that it would be futile to now comply with the Plan procedures.   The court does not have sufficient information before it to determine if plaintiff's efforts to follow Plan procedures would be futile.  However, for the reasons which follow, this is of no moment.

Clearly, the plaintiff has attempted to make a claim for benefits and has contested the initial decision of the Plan Administrator, Sara Lee.  There is nothing in the record before the court to indicate that Sara Lee, as the Plan Administrator, provided necessary notices regarding benefits, procedures, etc.  All communications regarding the Plan appear to have come from Tracy Clover, the benefits analyst with the defendant Bakery Group and not from Sara Lee, the Plan Administrator.  The plaintiff's letters and those of his counsel appear to have been ignored to a large extent. There was no effort by Clover to direct the plaintiff to the correct procedures.

Sara Lee now seeks dismissal of the plaintiff's complaint for failure to exhaust his administrative remedies after it is recast as an ERISA complaint for benefits.  The court finds this request inequitable in light of the evidence before the court.  The court finds that the plaintiff's state law claims should be dismissed with prejudice as preempted by ERISA and that the complaint be recast to state a claim for benefits under ERISA.

8

The court further finds that the plaintiff has received the "run around" from the Bakery Group and Sara Lee and that the court should not relinquish its jurisdiction for failure to exhaust administrative remedies.  See *Bourgeois v. Employees of Santa Fe Intern. Corp.*, 215 F.3d at 481.  However, the plaintiff shall be required to comply with the dictates of the Plan for properly filing a claim.  Therefore, the case will be stayed pending the submission of a proper claim by the plaintiff in conformity with Plan requirements, and if necessary, any appeal of the initial decision within the time periods set forth hereinafter.

The defendants have also moved to dismiss the Bakery Group and Catlett as improper parties under ERISA.  The plaintiff does not effectively rebut this request and it should be granted in conformity with the holding of *Musmeci v. Schwegman Giant Super Markets*, 332 F.3d 339, 349-50 (5th Cir. 2003).

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Motion to Dismiss **[#4]** is Granted in part and denied in part as follows;

That the plaintiff's state law claims are dismissed with prejudice as preempted by ERISA;

That this matter is stayed for one hundred twenty (120) days from the date of this order;

That within ten (10) days of this order, Sara Lee, the Plan Administrator shall furnish necessary forms and information for the plaintiff to file a claim for benfits;

That within twenty (20) days of this order the plaintiff shall file an initial claim for benefits in conformity with Plan requirements with the Plan Administrator, Sara Lee;

That within sixty (60) days of this order Sara Lee shall make an initial determination of the plaintiff's eligibility for benefits and the amount thereof;

That any appeal of the initial decision shall be filed by the plaintiff with the appropriate Plan entities within seventy-five (75) days of this order;

That within one hundred five (105) days of this order Sara Lee shall make its final decision on benefits due the plaintiff;

That the parties shall notify the court immediately upon conclusion of the benefits determination and if further litigation is necessary the plaintiff shall, within one hundred twenty (120) days of this order, file an amended complaint recasting his claim as one for ERISA benefits naming Sara Lee Corporation and the Sara Lee Corporation Severance Pay Plan as defendants; and

That the parties shall contact the court for entry of an appropriate Case Management Order immediately after the filing of the Amended Complaint.

A separate judgment will be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 24th day of March, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

___